975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
NORFOLK and WESTERN RAILWAY COMPANY, Appellee/Cross-Appellant,
v.
SCHOCK TRANSFER and WAREHOUSE COMPANY, INC.,
Appellant/Cross-Appellee.
Norfolk and Western Railway Company, Appellant/Cross-Appellee,
v.
Schock Transfer and Warehouse Company, Inc., Appellee/Cross-Appellant.
 Nos. 91-3462, No. 91-3537.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 16, 1992.
Filed: September 24, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Schock Transfer and Warehouse Company, Inc. appeals from the judgment of the district court finding it liable on Norfolk & Western Railway Company's claim based on an indemnity provision in an agreement between Schock and N & W. The district court entered summary judgment in favor of N & W on the indemnity claim and denied Schock credit for workers' compensation benefits paid to Schock's injured employee, Sam Reed. Schock appeals these two orders. The district court also denied N & W's request for prejudgment interest on attorneys' fees and expenses for its settlement with Mr. Reed. N & W cross appeals this order.
 
 
 2
 The issues raised in this appeal involve questions of state law, which we review de novo giving no deference to the conclusions of the district court. Salve Regina College v. Russell, 111 S. Ct. 1217, 1221 (1991). We have carefully considered the briefs, heard oral arguments, and reviewed the questions of state law as we are required to do under the standard in Salve Regina. We conclude that the district court did not err in entering summary judgment for N & W on the indemnity claim, denying Schock credit for the workers' compensation benefits, and denying prejudgment interest on the attorneys' fees and expenses. As the case involves issues of state law and will have no precedential value, we need not engage in an extended discussion.
 
 
 3
 We affirm the judgments and orders of the district court under Eighth Cir. R. 47B.